IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:24-cr-143–HEH |
| | ) |
| ANTONIO OTHELLER STARKES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Affirming the Magistrate Judge's Detention Order)

This matter is before the Court on Antonio Otheller Starkes' ("Defendant") Motion for Revocation of Detention Order ("Motion," ECF No. 14). Magistrate Judge Summer L. Speight ordered that Defendant be detained pending trial. (ECF No. 12.) Defendant now asks this Court to modify the current detention order authorizing his pretrial release.

Defendant contends that evidence in the record demonstrates there are conditions that this Court could set that would assure Defendant's appearance at trial and also assure the safety of the community. (Mot. at 2–5.) The Government opposes the Motion. (ECF No. 17.) The parties have filed written arguments in support of their respective positions and the Court heard oral argument on December 4, 2024. For the reasons stated on the record and below, the Court will affirm the Magistrate Judge's detention order.

### I. BACKGROUND

Defendant was named in a one-count Indictment by a grand jury in Richmond on October 1, 2024. (ECF No. 1.) Defendant was charged with Possession of a Firearm and

Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (*Id.*) Defendant entered a plea of not guilty to that charge. (ECF No. 13.) Following a detention hearing, the Magistrate Judge entered an Order of Detention Pending Trial finding that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (ECF No. 12.) Subsequently, Defendant filed the pending Motion.

At the hearing before this Court on Defendant's Motion, Defendant produced a recognizance order from the Circuit Court of the City of Richmond. The exhibit shows, Defendant states, that before Defendant was in federal custody, the state court released him on pretrial bond for six months beginning on April 16, 2024. The conditions of that pretrial release were a $2,500 unsecured bond, pretrial supervision, and home electronic (GPS) monitoring with limited exceptions for legal and pretrial visits, employment, healthcare, and childcare. (Mot. at 1–6.) Defendant states that he did not violate those conditions while under state supervision, and he argues that those same conditions are sufficient for this Court to reasonably assure the Defendant's appearance and the safety of others and the community. (Mot. at 1–4.) In addition, Defendant argues that he is heavily incentivized to follow any conditions that this Court may set on his release because he intends to help care for his newborn child. (Mot. at 3–4.)

The Government contends that the risk of continuing criminal behavior is too great for the Court to release the Defendant, considering his criminal history and his demonstrated inability to stay away from firearms. (Resp. in Opp'n at 2, ECF No. 17.)

2

At the hearing, the Government argued that Defendant's lengthy criminal record, including felony convictions, proves that he often resorts to criminal behavior when he is not incarcerated. The Government also argued that the nature of the offense pending against Defendant and the strength of the evidence against him on that charge weigh in favor of detention. According to the evidence proffered by the Government, without objection, the pending criminal charge resulted from an encounter between Defendant and police officers outside a convenience store that is, the Government stated, plagued with firearm-related crime. During the encounter, the officers recovered a firearm from Defendant's person that he had been concealing in a sweatshirt. At first, Defendant began to flee. A short time later, however, the officers were able to detain Defendant and he then became compliant and cooperative. The Government also contended that, in addition to Defendant's current and prior firearm convictions, his record includes a long history of other criminal activity including burglary, which counsel for the Government argued is potentially a violent crime.

## II. LEGAL STANDARD

"A defendant ordered detained by a magistrate may seek de novo review in the district court." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (citing 18 U.S.C. § 3145(b)); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citation omitted); *see also Clark*, 865 F.2d at

3

1436. Defendant challenges the pretrial detention order pursuant to 18 U.S.C. § 3145(b). That provision provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

*Id.*

Courts may impose pretrial detention if the court lacks "reasonable assurance of either the defendant's appearance or the safety of others or the community." *Stewart*, 19 F. App'x at 48; *see also United States v. King*, No. 4:19-cr-77, 2020 WL 1915241, at *2 (E.D. Va. Apr. 20, 2020) ("The Bail Reform Act of 1984 provides that a defendant shall be detained pending trial if a Court finds, by clear and convincing evidence 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" (quoting 18 U.S.C. § 3142(e)). To determine whether a defendant should be detained pending trial, "courts consider the following factors: (1) the nature and circumstance of the offense charged; (2) the defendant's history and personal characteristics; (3) whether, at the time of the offense, the accused was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community posed by the individual's release." *King*, 2020 WL 1915241, at *2 (citing 18 U.S.C. § 3142(g)).

### III. DISCUSSION

Having considered the relevant factors, the Court finds that no condition or combination of conditions of release would reasonably assure the safety of others and the

4

community pending trial. Here, Defendant's counsel recognized that Defendant has an extensive criminal history and the evidence of his guilt, as proffered by the Government, is significant. Indeed, Defendant's criminal history is disturbing and spans the last nineteen years. In total, Defendant has seven prior felony convictions. His criminal record also contains, among other misconduct, convictions for failure to appear, possession of burglary tools, attempted burglary, three violations of probation, and multiple convictions for assault. If Defendant is found guilty on the pending charge, this would be his third felony conviction for a firearm offense. Furthermore, when Defendant was first confronted by police officers suspicious that he may be unlawfully possessing a concealed firearm, he attempted to flee. Six months of compliance with monitored release in state court is no guarantee of Defendant's future behavior, particularly in light of Defendant's continuous course of dangerous criminal conduct and the nature and circumstances of the offense charged.

## IV.  CONCLUSION

In sum, the Court finds that there are no conditions or combination of conditions that can be imposed to ensure the safety of others and the community. The Government has proven this to be the case by clear and convincing evidence. Accordingly, this Court will affirm the Magistrate Judge's Detention Order (ECF No. 12) and will deny Defendant's Motion for Revocation of Detention Order (ECF No. 14).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec. 12, 2024
Richmond, Virginia